**UNITED STATES DISTRICT COURT**
**DISTRICT OF WESTERN LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | **CASE NO. 18-CV-00434** |
| **Plaintiff,** | |
| **VERSUS** | **CHIEF JUDGE  HICKS** |
| **KIRBYJON HINES CALDWELL and GREGORY ALAN SMITH,** | **MAGISTRATE JUDGE HORNSBY** |
| **Defendants,** | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF**
**UNOPPOSED MOTION TO INTERVENE AND STAY CIVIL PROCEEDINGS**

**NOW INTO COURT**, through the undersigned Assistant United States Attorney, comes the United States of America (the "United States"), who respectfully moves to intervene pursuant to Rule 24(b) of the Federal Rules of Civil Procedure for the limited purpose of staying discovery in this case until the conclusion of a pending federal criminal case involving defendants, Kirbyjon Hines Caldwell and Gregory Alan Smith.  The criminal case, pending in the United States District Court for the Western District of Louisiana, Shreveport Division, involves the same defendants and substantially the same facts, evidence, witnesses, and circumstances at issue in the instant civil suit.  In support of its request, the United States submits the following.

I.      **INTRODUCTION AND SUMMARY OF ARGUMENT**

Plaintiff brought this action to enjoin Defendants from further violations of the registration and antifraud provisions of the federal securities las by offering and selling participation rights in certain historical Chinese bonds to mostly vulnerable and elderly investors.  This civil action also seeks an order directing defendants to pay civil money penalties and disgorge their ill-gotten gains resulting from their prohibited conduct.

In a separate criminal case pending in the Western District of Louisiana, the same defendants were charged with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, wire fraud, conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and money laundering through various securities fraud and unlawful schemes and activity.  The wire fraud charges are related to the sale of the historical Chinese bonds.  See Exhibit 1 (indictment).

The civil and criminal proceedings overlap and involve the same defendants and substantially the same facts, circumstances, witnesses, and evidence.  Permitting discovery in the civil suit during the parallel criminal prosecution, especially in light of the fact that the parties in the criminal proceedings are preparing for trial, allows defendants to use liberal civil discovery rules to obtain discovery they would not obtain in the parallel criminal proceedings.  Further, defendants may seek to depose government witnesses in advance of the anticipated criminal trials, but invoke their Fifth Amendment privilege against self-incrimination to any reciprocal discovery requests in light of the pending criminal charges against them.

Judicial economy and the avoidance of duplicated efforts also support the motion for stay in this civil case in light of the pending criminal proceedings against defendants.  Moreover, the public's interest in law enforcement and ensuring that criminal due process is justly dispensed also supports a stay in this civil proceeding.  Accordingly, the United States submits that a stay of this civil proceeding pending the outcome of the criminal proceedings is appropriate.

## II.      PROCEDURAL AND FACTUAL BACKGROUND

On March 29, 2018 a federal grand jury in the Western District of Louisiana indicted Caldwell and Smith with 13 counts consisting of:  one count of conspiracy to commit wire fraud, six counts of wire fraud, one count of conspiracy to commit money laundering,  one count each of money laundering.  *Id.*   This criminal case is active in the Western District of Louisiana in the

case captioned *United States v. Gregory Alan Smith and Kirbyjon H. Caldwell*, criminal docket number 5:18-cr-00084.

On March 29, 2018, the United States Securities and Exchange Commission ("SEC") commenced this action alleging various securities fraud against Smith and Caldwell in the Western District of Louisiana.

The allegations contained in the Complaint against Smith and Caldwell overlap with the allegations contained in the Indictment. Both the criminal indictment and this civil action assert that defendants defrauded investors and made substantial profits through misrepresentation, false pretenses and the fraudulent scheme and sale of the historical Chinese bonds.

Counsel for defendant, Smith, states that he does not oppose a stay of this civil proceeding. Counsel for defendant, Caldwell, states that he does not oppose a stay of this civil proceeding.

## III.    ARGUMENT AND AUTHORITIES

### A.    Legal Standards Governing Requests for Intervention

Rule 24(a) of the Federal Rules of Civil Procedure provides that an applicant may intervene as of right in an action when that applicant "claims an interest relating to the property or transaction which is the subject of the action, and [the applicant] is so situated that disposing of the action may as a practical matter impair or impede the [applicant's] ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Rule 24(b) alternatively permits permissive intervention when an applicant "has a claim or defense that shares with the main action a common question or law or fact." Fed. R. Civ. P. 24(b).

The seminal case on this issue in this circuit is *Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962). In *Campbell*, certain taxpayers caught wind of the fact that they were being actively investigated for federal criminal tax violations. *Id.* at 480-81. After preliminary discussions about

a criminal resolution between the United States Attorney's Office and the taxpayer's attorney(s), the taxpayers filed a civil action against the IRS in federal court.  *Id*. at 481.  Pursuant to the civil case, the taxpayers soon requested discovery, including reports prepared by the IRS Special Agents assigned to the criminal investigation.  *Id*. at 482.  In response, the IRS filed a motion designed to stay the civil discovery.  *Id*. at 483.  The district court denied the motion to stay and ultimately ordered the United States to produce the requested documents.  *Id*.  The United States Department of Justice appealed the district court's decision and the Fifth Circuit reversed and remanded.  Among other things, the Fifth Circuit concluded that "[a] litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit."  *Id*. at 487.

In reaching its decision, the Fifth Circuit issued the following guidance for trial courts deciding whether to stay civil discovery proceedings pending the result of an ongoing criminal investigation or prosecution:

> There is a clear cut distinction between private interests in civil litigation and the public interest in a criminal prosecution, between a civil trial and a criminal trial, and between the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure.  [B]ut these distinctions do not mean that a civil action and a criminal action involving the same parties and some of the same issues are so unrelated that in determining good cause for discovery in the civil suit, a determination that requires the weighing of effects, the trial judge in the civil proceeding should ignore the effect discovery would have on a criminal proceeding that is pending or just about to be brought.  The very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority:  which case should be tried first.   Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.

*Id*. at 487.

Since *Campbell*, the Fifth Circuit has continued to recognize that a stay of civil proceedings may be appropriate in "special circumstances" and in order to prevent a party from suffering "substantial and irreparable prejudice."  *See SEC v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir. 1981); *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983); *see also United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970).

Many district courts have allowed the government to intervene in civil actions, especially for the limited purpose of moving to stay discovery or a civil proceeding.  *Southeast Recovery Group, LLC v. BP America, Inc.*, 278 F.R.D. 162, 165-168 (E.D. La. Jan. 19, 2012) (unpublished); *S.E.C. v. Offill*, 2008 WL 958072  (N.D. Tex. Apr. 9, 2008); *Dominguez v. Hartford Financial Services Group, Inc.*, 530 F. Supp. 2d 902, 904-08 (S.D. Tex. 2008); *S.E.C. v. Mutuals.com, Inc.*, 2004 WL 1629929 (N.D. Tex. July 20, 2004) (unpublished); *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1009-11 (E.D.N.Y. 1992).

In addition to the advantage a civil party may obtain from liberal civil discovery, other policy reasons counsel in favor of staying a civil action during the pendency of an ongoing criminal prosecution.  For example, permitting a civil case to proceed during an ongoing criminal prosecution may cause injury to some of the civil parties because, while the civil discovery rules permit liberal discovery, the civil party who is also the subject of an ongoing criminal prosecution may assert a Fifth Amendment privilege to any reciprocal discovery request in light of the pending criminal matter.  *See, e.g. Southeast Recovery Group*, 278 F.R.D. at 168 (noting Fifth Amendment concerns in parallel proceedings); *Dominguez*, 530 F. Supp. 2d at 906 (discussing reciprocal discovery and the Fifth Amendment); *Brumfield v. Shelton*, 727 F. Supp. 282, 284 (E.D. La. 1989) (staying civil action in part due to concerns of invocation of Fifth Amendment).  Additionally, permitting a civil suit to proceed during an ongoing criminal prosecution would establish a

dangerous precedent for future criminal defendants or subjects to file civil suits in order to avoid limitations imposed by criminal rules, including the discovery rules. *See generally Dominguez*, 530 F. Supp. 2d at 908.

District courts within the Fifth Circuit have considered several factors in determining whether a stay should be granted, including: "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest." *Heller Healthcare Finance, Inc. v. Boyes*, 2002 WL 1558337, at *2 (N.D. Tex. July 15, 2002) (citing cases) (unpublished); *see Waste Management of Louisiana, LLC v. River Birch, Inc.*, 2012 WL 520660, at *3-4 (E.D. La. February 15, 2012); *Southeast Recovery Group*, 278 F.R.D. at 166-67; *Dominguez*, 530 F. Supp. 2d at 905; *Holden Roofing, Inc. v. All States Roofing, Inc.*, 2007 WL 1173634, at *1 (S.D. Tex. April 18, 2007) (unpublished); *Mutuals.com*, 2004 WL 1629929, at *3 (citations omitted); *State Farm Lloyds v. Wood*, 2006 WL 3691115, at *2 (S.D. Tex. Dec. 12, 2006) (unpublished); *Librado v. M.S. Carriers, Inc.*, 2002 WL 31495988 (N.D. Tex. Nov. 5, 2002) (unpublished).

As set forth below, application of the factors noted above and the spirit of, among others, *Campbell*, weigh heavily in favor of the United States' request to intervene and stay discovery in the instant civil proceedings.

### B. Special Circumstances and Potential Prejudice Support an Intervention and Stay of this Proceedings.

1.  The facts of the criminal prosecution are substantially similar to the facts in the instant civil proceedings.

Many courts have consistently held that the similarities in the facts and issues between the civil suit and the criminal matter is the most important factor in the analysis of whether to grant a stay. *Waste Management*, 2012 WL 520660, at *4; *Dominguez*, 530 F. Supp. 2d at 907-08 ("[T]he similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay."); *Wood*, 2006 WL 3691115, at *2 (same); *Librado*, 2002 WL 31495988, *2 ("[T]he most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues.").

Here, a common nucleus of operative facts in the civil and criminal cases exists.  A review of the Complaint and attached criminal charging document, reveals that the parties, witnesses, evidence, and operative events are nearly identical in the two parallel proceedings.   This fact counsels strongly in favor of a stay.  *See, e.g. Waste Management*, 2012 WL 520660, at *4 (noting that the overlap of the suits weighs heavily in favor of a stay); *Southeast Recovery Group*, 278 F.R.D. at 168; *Dominguez*, 530 F. Supp. 2d at 907-08 (granting motion to stay civil proceedings in part because of the "substantial overlap" of the issues in the civil and criminal matters); *Holden Roofing*, 2007 WL 1173634, at *1 (granting motion to stay civil proceedings in part because the civil and criminal matters "arise out of the same events"); *Heller Healthcare*, 2002 WL 1558337, at *2; *Librado*, 2002 WL 31495988, *2 (granting motion to stay civil proceedings in part because the issues were "substantially, if not precisely" the same in the criminal and civil matters).

### 2.    The criminal prosecution is pending.

As detailed in the attached indictment, defendants have been charged with various criminal violations arising out of the same conduct that has led to the SEC's Complaint.  The criminal proceeding is pending.  Therefore, the second factor, the status of the criminal case, also counsels in favor of a stay. *See generally S.E.C. v. Offill*, 2008 WL 958072  (N.D. Tex. Apr. 9, 2008)("In

the context of a criminal defendant's seeking a stay of civil discovery, a stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct.") (internal quotations omitted).

3.     <u>No party will suffer substantial prejudice based on a delay of the civil proceedings</u>.

Third, while the SEC may have a regulatory and financial incentive to proceed expeditiously in this matter, any delay caused by a stay of discovery will not operate as a substantial prejudice. Consistent with this point, the SEC does not object to a stay of civil discovery in the instant civil proceedings.

4.     <u>The interests of the defendants support the Government's request for a stay</u>.

The fourth factor – the interest of the defendants – arguably also favors a stay of the instant civil proceedings. Specifically, a stay of this civil proceedings will allow Smith and Caldwell and his co-conspirators to properly address any potential criminal culpability first, prior to any potential civil liability. *See Waste Management*, 2012 WL 520660, at *5 (in general terms noting that stay was appropriate so that civil defendants may decide how to handle their criminal exposure). Moreover, as to the civil proceeding, should a stay not be granted, some of the defendants might be prejudiced in their ability to prepare a defense due to certain witnesses' invocation of the Fifth Amendment.

5.     <u>The public's interests, as well as this Court's interests, counsels in favor of a stay</u>.

As to the fifth and sixth factors, the United States respectfully submits that the courts' and general public's interests are served when criminal proceedings can proceed unspoiled by a criminal defendant's attempts to use civil litigation as an offensive mechanism to seek discovery that would be otherwise limited in the criminal proceeding. As a general matter, the role of the United States as prosecutor of federal crimes is designed to serve not only the private victims of

the crime, but also the general public.  In that sense, in certain situations, the public interest in a criminal case is entitled to precedence over the civil litigant.  *See generally In re Ivan F. Boesky Securities Litigation*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989) (citing *Campbell*, 307 F.2d at 487); *Mutuals.com*, 2004 WL 1629929, at *4 (interests of the public weighed in favor of a stay of civil proceeding because of the public interest in law enforcement).  Here, because the public interest lies with law enforcement (rather than the prosecution of a private civil claim), this factor counsels in favor of a stay.

Additionally, interests of judicial economy counsel in favor of a stay of the instant civil proceedings pending the outcome of the pending criminal proceedings.  Permitting the criminal matter to proceed may streamline the instant civil proceeding, since there will be no need to make rulings on evidentiary or discovery issues in the civil case which may be disposed of by the criminal matter.  *See generally Waste Management*, 2012 WL 520660, at *5 (noting that stay of civil case was warranted because criminal matter may streamline the civil case); *Southeast Recovery Group*, 278 F.R.D. at 169 (noting that stay of civil case was warranted in part to avoid duplication of efforts); *Wood*, 2006 WL 3691115, at *3 (noting that by staying the civil case in favor of the criminal matter, "there [will be] no need to make rulings regarding potential discovery disputes involving issues that may affect the criminal case."); *see also Holden Roofing*, 2007 WL 1173634, at *2 (if a stay of the civil matter were not granted, the court may be required to make question-by-question rulings on the validity of an assertion of the Fifth Amendment).  Here, permitting the criminal prosecution to go forward may obviate the need for determination of certain evidentiary issues in the instant civil case.  Accordingly, this factor also favors a stay.

## IV.    CONCLUSION

Based on the foregoing, the United States respectfully requests that this Court grant its unopposed Motion to Intervene and Stay Discovery in this case until the conclusion of the parallel criminal matter.

DAVID C. JOSEPH
United States Attorney

By:     *s/ Seth D. Reeg*
Seth D. Reeg (La. Bar. No. 34184)
Assistant United States Attorney
300 Fannin St., Ste. 3201
Shreveport, LA 71101
(318) 676-3600 – Phone
(318) 676-3663 – Fax